UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

B&P PROCESS EQUIPMENT AND SYSTEMS,
LLC,

        Plaintiff,                  Case No. 14-cv-12672

v                                         Honorable Thomas L. Ludington

APPLIED INDUSTRIAL TECHNOLOGIES, INC.,

        Defendant and Third-Party Plaintiff,

v

GLOBAL BEARINGS AND P T INC,

        Third-Party Defendant.

_____/

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND CANCELLING HEARING

On July 8, 2014, Plaintiff B&P Process Equipment and Systems, LLC ("B&P"), filed suit against Defendant Applied Industrial Technologies, Inc., for breach of contract and indemnity. B&P claims that Applied Industrial sold counterfeit bearings in violation of the terms of the purchase order.[1]

On December 19, 2014, Applied Industrial filed a motion for judgment on the pleadings, asserting that the applicable statute of limitations had run on B&P's claim. Because B&P has sufficiently pleaded fraudulent concealment of its claim, the statute of limitations does not bar

---

[1] Defendant Applied Industrial then filed a third-party complaint against Global Bearings and P T INC, alleging that Global Bearings is "liable and responsible for the condition of the bearings at issue and for all damages allegedly sustained by Plaintiff B&P." Third-Party Compl. 3, ECF No. 7. Global Bearings did not join in or respond to Applied Industrial's motion for judgment on the pleadings.

B&P's breach of contract claim. Therefore Applied Industrial's motion for judgment on the pleadings will be denied.

I

On January 9, 2008, B&P issued a purchase order to Applied Industrial for four bearings. Compl. Ex. 2, ECF No. 1. The purchase order requested four spherical roller thrust bearings and specified their size, load limits, and manufacturer identification—SKF part No. 29480. *Id*. The purchase order further stated: "ACCEPT NO SUBSTITUTIONS". *Id*.

Applied Industrial shipped two bearings on March 4, 2008, and two bearings on April 1, 2008. Mot. J. Pleadings Ex. 1, Ex. 2. Each invoice identified the bearings shipped as "Part Number 29480EM"—the part number requested in B&P's purchase order. *Id*. On April 30, 2008, B&P issued a check for $96,306.74 to Applied Technologies pursuant to the purchase order.

B&P incorporated the bearings into industrial mixers known as Ko-Kneaders and sold the mixers to a third party, Emirates Aluminum Company, Limited in Abu Dhabi, United Arab Emirates. Compl. ¶ 9.

In December 2013, B&P received a call from Emirates Aluminum Company seeking repairs to one of the Ko-Kneaders mixers. B&P determined that the Ko-Kneader had malfunctioned because of failed bearings. Emirates Aluminum Company paid B&P a total of $309,399.19 to replace the failed bearings and for B&P's service time and travel. Compl. Ex. B.

After repairing the Ko-Kneader, B&P forwarded the failed bearing to the supposed manufacturer, SFK, for analysis. Compl. ¶ 12. SFK determined that it did not manufacture the failed bearing and the bearing in question was counterfeit. *Id*. ¶ 13.

Emirates Aluminum Company has demanded a refund of the $309,399.19 it paid to B&P in the mistaken belief that the Ko-Kneader failure was attributable to ordinary wear and tear, rather than a counterfeit bearing. Compl. ¶ 14. Moreover, B&P is expected to replace the remaining bearing in Emirates Aluminum Company's other Ko-Kneader, which B&P estimates would cost $42,918.70. *Id*. ¶ 15.

On July 8, 2014, B&P filed this breach of contract action against Applied Industrial for selling the counterfeit bearings. B&P seeks to recover $352,317.89 to (1) reimburse Emirates what it paid to repair the Ko-Kneader mixer and (2) retrofit the other machines that contain the counterfeit bearings that have not yet failed.

## II

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As set forth in *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010), a district court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the complaint states a plausible claim for relief. "However, the plaintiff must provide the grounds for its entitlement to relief" and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)).

### III

B&P alleges that Applied Industrial breached the terms of the purchase order when it provided counterfeit bearings. Applied Industrial claims that this breach of contract claim is barred by the applicable four-year statute of limitation, and therefore the breach of contract claim must be dismissed.

### A

The warranty provisions of Michigan's version of the UCC are governed by the statute of limitations set out in Mich. Comp. Laws § 440.2725. Section 2725 provides that "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." *Id*. § 2725(1). The section clarifies that a "cause of action accrues when the breach occurs," which "occurs when tender of delivery is made." *Id*. § 2725(2). Under Michigan law, tender of delivery occurs for purposes of the limitation period when the seller delivers the goods, even if they are defective when measured against the contract's requirements. *Id*. § 2725(2); *see Baker v. DEC Int'l*, 580 N.W.2d 894, 897 (Mich. 1998).

Here, the bearings at issue were shipped on March 4, 2008, and April 1, 2008. Neither party disputes that delivery was made more than four years before B&P filed its complaint on July 8, 2014. Therefore, the Michigan statute of limitations bars B&P's breach of contract claims unless some exception applies.

### B

B&P asserts that its claims are not barred by the statute of limitations because it alleged fraudulent concealment of the breach, an exception to the four-year statute of limitations. Under Michigan law, a claim of fraudulent concealment may postpone the running of the statute of limitations:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim . . . from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim . . . .

Mich. Comp. Laws § 600.5855. This statute provides a plaintiff two additional years in which to bring a claim "when a party conceals the fact that the plaintiff has a cause of action." *Romeo Investment Ltd. v. Michigan Consolidated Gas Company*, 2007 WL 1264008, at *3 (Mich. Ct. App. May 1, 2007) (citing *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996).

In cases which are brought in federal court pursuant to diversity jurisdiction, the Federal Rules of Civil Procedure control the procedural aspects of the matter. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965). "While state law governs the burden of proving fraud at trial in a diversity action in federal court, the procedure for pleading fraud in all diversity suits in federal court is governed by the special pleading requirements of Federal Rule of Civil Procedure 9(b)." *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001). Rule 9(b) requires that:

> [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

The Sixth Circuit has interpreted this to "require that the acts constituting fraudulent concealment of a claim be pled in the complaint." *Evans v. Pearson Enterprises*, 434 F.3d 839, 851 (6th Cir. 2006). "Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by defendants; (2) failure of the plaintiff to discovery the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear*

- 5 -

*Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975). However, B&P's "burden at this stage in the proceedings is not great." *Best*, 2013 WL 4766678, at *7.

For fraudulent concealment to postpone the running of a limitations period, the fraud "must be a concealment produced by affirmative acts or misrepresentations." *Draws v. Levin*, 52 N.W.2d 180, 183 (Mich. 1952). "The plaintiff must show some arrangement or contrivance on the part of the defendant, or an affirmative character, designed to prevent subsequent discovery." *Id*. "Mere silence is insufficient." *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (1996). "Courts are to strictly construe and narrowly apply the fraudulent concealment exception." *Riverside Auto Sales, Inc. v. GE Capital Warranty Corp.*, 2004 WL 2106638, at *5 (W.D. Mich. Mar. 30, 2004).

Here, B&P identified the affirmative misrepresentation as the invoices that identified the bearings as "Part Number 29480EM"—the part number requested in B&P's purchase order (which in turn clarified that it would "accept no substitutions"). This affirmative act—the production of invoices claiming that the bearings were the parts ordered—fulfills the first element of fraudulent concealment. *See King v. Park West Galleries, Inc.*, 2014 WL 6804596, at *2 (Mich. Ct. App. Dec. 2, 2014) (In plaintiff's breach of warranty suit alleging fraudulent concealment, "Defendants' affirmative act was to provide plaintiff with a certificate of authenticity, as well as an appraisal for each piece of artwork.").

Having adequately alleged that Applied Industrial committed an affirmative act of misrepresentation, B&P must also allege that, even though it exercised reasonable diligence, it did not discover the claim within the statutory period. *McNaughton v. Rockford State Bank*, 246 N.W. 84, 86 (Mich. 1933). B&P appears to contend that it was not possible for it to discover the fraud—that the bearings were counterfeit—until they were sent to SFK's lab for analysis. B&P

notes that each bearing was stamped with the marking "SKF Part No. 29480 EM", and that it was not possible for it to learn from visual inspection that the bearings were counterfeit.

Applied Industrial, however, contends that a visual inspection of the bearings would have revealed their counterfeit nature, and therefore B&P did not exercise reasonable diligence. But aside from this "belief", Reply 4, Applied Industrial does not explain how or why a visual inspection would have revealed the counterfeit nature to B&P. Indeed, as noted above, the bearings were stamped with an identifier, "SKF Part No. 29480 EM", that further hindered discovery of the counterfeit nature.[2] A jury could reasonably conclude that B&P exercised reasonable diligence in discovering the fraud. *See King*, 2014 WL 6804596 at *2 ("The issues of concealment and diligence are questions of fact reserved for the jury.") (citing *Int'l Union United Auto. Workers of Am. v. Wood*, 59 N.W.2d 60, 63 (Mich. 1953).

B&P has met the heightened pleading requirements for fraudulent concealment. First, B&P has adequately alleged that Applied Industrial affirmatively misrepresented the manufacturer of the counterfeited bearings when the invoices claimed that the bearings were "Part Number 29480EM". Second, B&P did not discover the claim within the statutory period; instead, it only discovered the claim when SFK's lab analysis indicated that the bearings were counterfeit. And third, B&P has adequately alleged that it exercised reasonable diligence. Therefore, B&P has adequately pleaded fraudulent concealment, and the statute of limitations does not bar this action at this stage.

Applied Industrial lastly contends that, even if the action is not barred, B&P cannot rely on fraudulent concealment because "Applied . . . did not manufacture the bearing or participate in the concealment." Reply 5. But, as noted above, Applied made the affirmative

---

[2] B&P does not allege that Applied Industrial stamped the bearings, and therefore it cannot rely on the stamps as an affirmative act. But B&P *can* rely on the stamp to show that a visual inspection would not have revealed the bearings' counterfeit nature.

- 8 -

misrepresentation of identifying the shipped bearings as "Part Number 29480EM" in the invoices. This is a sufficient affirmative act to allow B&P's claims against Applied to proceed.

**IV**

Accordingly, it is **ORDERED** that Defendant Applied Industrial Technologies's Motion for Judgment on the Pleadings (ECF No. 14) is **DENIED**.

It is further **ORDERED** that March 9, 2015 motion hearing is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 3, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS

---