UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

B&P PROCESS EQUIPMENT AND SYSTEMS, LLC,

    Plaintiff,                                                 Case No. 14-cv-12672

v                                                        Honorable Thomas L. Ludington

APPLIED INDUSTRIAL TECHNOLOGIES, INC.,

    Defendant and Third-Party Plaintiff,

v

GLOBAL BEARINGS & P. T. INC.,

    Third-Party Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On July 8, 2014, Plaintiff B&P Process Equipment and Systems, LLC ("B&P"), filed suit against Defendant Applied Industrial Technologies, Inc., for breach of contract and indemnity. B&P claims that Applied Industrial sold counterfeit bearings in violation of the terms of the purchase order.

On December 19, 2014, Applied Industrial filed a motion for judgment on the pleadings, asserting that the applicable statute of limitations had run on B&P's claims. On February 3, 2015, the Court denied Applied Industrial's motion, concluding that B&P had sufficiently pleaded fraudulent concealment so as to toll the statute of limitations.

On February 13, 2015, Applied Industrial filed a motion for reconsideration, asserting that this Court erred when it concluded that B&P had sufficiently pleaded fraudulent concealment. Because a motion for reconsideration is not an opportunity to repeat and re-argue

arguments already presented and addressed, Applied Industrial's motion for reconsideration will be denied.

**I**

On January 9, 2008, B&P issued a purchase order to Applied Industrial for four bearings. Compl. Ex. 2, ECF No. 1. The purchase order requested four spherical roller thrust bearings and specified their size, load limits, and manufacturer identification—SKF part No. 29480. *Id*. The purchase order further stated: "ACCEPT NO SUBSTITUTIONS". *Id*.

Applied Industrial shipped two bearings on March 4, 2008, and two bearings on April 1, 2008. Mot. J. Pleadings Ex. 1, Ex. 2. Each invoice identified the bearings shipped as "Part Number 29480EM"—the part number requested in B&P's purchase order. *Id*. On April 30, 2008, B&P issued a check for $96,306.74 to Applied Technologies pursuant to the purchase order.

B&P incorporated the bearings into industrial mixers known as Ko-Kneaders and sold the mixers to a third party, Emirates Aluminum Company, Limited in Abu Dhabi, United Arab Emirates. Compl. ¶ 9.

In December 2013, B&P received a call from Emirates Aluminum Company seeking repairs to one of the Ko-Kneaders mixers. B&P determined that the Ko-Kneader had malfunctioned because of failed bearings. Emirates Aluminum Company paid B&P a total of $309,399.19 to replace the failed bearings and for B&P's service time and travel. Compl. Ex. B.

After repairing the Ko-Kneader, B&P forwarded the failed bearing to the supposed manufacturer, SFK, for analysis. Compl. ¶ 12. SFK determined that it did not manufacture the failed bearing and the bearing in question was counterfeit. *Id*. ¶ 13.

Emirates Aluminum Company has demanded a refund of the $309,399.19 it paid to B&P in the mistaken belief that the Ko-Kneader failure was attributable to ordinary wear and tear, rather than a counterfeit bearing. Compl. ¶ 14. Moreover, B&P is expected to replace the remaining bearing in Emirates Aluminum Company's other Ko-Kneader, which B&P estimates would cost $42,918.70. *Id.* ¶ 15.

On July 8, 2014, B&P filed this breach of contract action against Applied Industrial for selling the counterfeit bearings. B&P seeks to recover $352,317.89 to (1) reimburse Emirates what it paid to repair the Ko-Kneader mixer and (2) retrofit the other machines that contain the counterfeit bearings that have not yet failed.

**II**

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within fourteen days after entry of the judgment or order. E.D. Mich. L.R. 7.1(h)(1). No response to the motion or oral argument shall be allowed unless the Court orders otherwise. E.D. Mich. L.R. 7.1(h)(2). Pursuant to Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reason of implication." E.D. Mich. L.R. 7.1(h)(3). In a motion for reconsideration, the movant must demonstrate that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The movant must also show a palpable defect which, if corrected, would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)

(motions under Federal Rule of Civil Procedure 59(e) "are aimed at *re* consideration not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

### III

In its February 3, 2015 Order, the Court concluded that B&P had sufficiently alleged fraudulent concealment so as to toll the statute of limitations as provided by Mich. Comp. Laws § 600.5855. Applied contends, however, that this Court erred when it failed to address whether Applied engaged in activity for the purpose of preventing B&P from realizing the existence of a cause of action. Applied acknowledges that the Court cited controlling authority, but that the Court nevertheless erred in its application.

This Court has already concluded that B&P sufficiently alleged an affirmative act by Applied that was designed to prevent discovery of the claim: Applied included invoices with the shipped bearings that identified the bearings as "Part Number 29480EM"—the part number requested in B&P's purchase order. Although Applied Industrial disagrees with this conclusion, mere disagreement is not a "palpable defect." Because Applied's argument to the contrary is an attempt to re-hash an argument previously presented and addressed, Applied's motion for reconsideration is unavailing.

### IV

Accordingly, it is **ORDERED** that Applied Industrial's Motion for Reconsideration (ECF No. 20) is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 24, 2015

- 4 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS