UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

B&P PROCESS EQUIPMENT AND SYSTEMS, LLC,

  Plaintiff,

v

APPLIED INDUSTRIAL TECHNOLOGIES, INC.,

  Defendant and Third-Party Plaintiff,

v

GLOBAL BEARINGS AND P T INC.,

  Third-Party Defendant and Third-Party Plaintiff,

v

ELECTRIC MOTOR BEARING SUPPLY, Inc.,

  Third-Party Defendant.

_____/

Case No. 14-cv-12672

Honorable Thomas L. Ludington

**ORDER GRANTING DEFENDANT APPLIED INDUSTRIAL'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PLAINTIFF'S COMPLAINT, DENYING THIRD-PARTY DEFENDANT GLOBAL BEARING'S MOTION FOR SUMMARY JUDGMENT AS MOOT, AND DENYING MOTIONS IN LIMINE AS MOOT**

On July 8, 2014, Plaintiff B&P Process Equipment and Systems, LLC ("B&P"), filed suit against Defendant Applied Industrial Technologies, Inc., ("Applied Industrial") for breach of contract and indemnity. Compl. ECF No. 1. B&P claims that Applied Industrial sold counterfeit bearings in violation of the terms of the purchase order. Defendant Applied Industrial then filed a third-party complaint against Global Bearings and P. T. INC ("Global Bearings"), alleging that Global Bearings is "liable and responsible for the condition of the bearings at issue and for all

damages allegedly sustained by Plaintiff B&P." Third-Party Compl. 3, ECF No. 7. Global Bearings in turn filed a third-party complaint against Electric Motor Bearings Supply, Inc. ("Electric Motors"), alleging that it purchased the bearings from Electric Motors and that the purchase was made pursuant to general indemnity under MCL 440.2312 and common law indemnity. ECF No. 23. Because Electric Motor did not answer or otherwise respond to Global Bearings' third-party complaint, the clerk entered default against Electric Motor on April 16, 2015. ECF No. 29.

On September 9, 2015 third-party Defendant Global Bearings filed a motion for summary judgment as to Defendant Applied Industrial's third-party complaint. ECF No. 36. The next day, September 10, 2015, Applied Industrial filed a motion for summary judgment against Plaintiff B&P. ECF No. 39. Both Global Bearings and Applied Industrial have also filed motions in limine to exclude certain testimony and damage claims. *See* ECF Nos. 34, 50, 58. Because B&P has not carried its burden of demonstrating facts constituting fraudulent concealment, Applied Industrial's motion for summary judgment will be granted and B&P's claims dismissed. All other motions will be denied as moot.

**I.**

On January 9, 2008, B&P issued a purchase order to Applied Industrial for four bearings. Compl. Ex. 2, ECF No. 1. The purchase order requested four spherical roller thrust bearings and specified their size, load limits, and manufacturer identification—SKF part No. 29480. *Id.* The purchase order further stated: "ACCEPT NO SUBSTITUTIONS". *Id.*

Applied Industrial shipped two bearings on March 4, 2008, and two bearings on April 1, 2008. Mot. J. Pleadings Ex. 1, Ex. 2. Each invoice identified the bearings shipped as "Part Number 29480EM"—the part number requested in B&P's purchase order. *Id.* On April 30,

2008, B&P issued a check for $96,306.74 to Applied Technologies pursuant to the purchase order. B&P incorporated the bearings into industrial mixers known as Ko-Kneaders and sold the mixers to a third party, Emirates Aluminum Company, Limited in Abu Dhabi, United Arab Emirates. Compl. ¶ 9.

In December 2013, B&P received a call from Emirates Aluminum Company seeking repairs to one of the Ko-Kneaders mixers. B&P determined that the Ko-Kneader had malfunctioned because of failed bearings. Emirates Aluminum Company paid B&P a total of $309,399.19 to replace the failed bearings and for B&P's service time and travel. Compl. Ex. B.

After repairing the Ko-Kneader, B&P forwarded the failed bearing to the supposed manufacturer, SFK, for analysis. Compl. ¶ 12. SFK determined that it did not manufacture the failed bearing and the bearing in question was counterfeit. *Id*. ¶ 13.

Emirates Aluminum Company has demanded a refund of the $309,399.19 it paid to B&P in the mistaken belief that the Ko-Kneader failure was attributable to ordinary wear and tear, rather than a counterfeit bearing. Compl. ¶ 14. Moreover, B&P is expected to replace the remaining bearing in Emirates Aluminum Company's other Ko-Kneader, which B&P estimates would cost $42,918.70. *Id*. ¶ 15.

On July 8, 2014, B&P filed this breach of contract action against Applied Industrial for selling the counterfeit bearings. B&P seeks to recover $352,317.89 to (1) reimburse Emirates what it paid to repair the Ko-Kneader mixer and (2) retrofit the other machines that contain the counterfeit bearings that have not yet failed.

**II**

Now before the Court is Defendant Applied Industrial's motion for summary judgment. ECF No. 39. A motion for summary judgment should be granted if the "movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).

The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Among other things, Applied Industrial argues that summary judgment is appropriate because Plaintiff B&P's complaint is time-barred by the applicable four-year statute of limitations because B&P is unable to prove fraud.

**A**

The four-year statute of limitations issue was previously addressed by this Court in its order denying Applied Industrial's motion for judgment on the pleadings. See ECF No. 19. As explained in that order, the warranty provisions of Michigan's version of the UCC are governed by the statute of limitations set out in Mich. Comp. Laws § 440.2725, which provides that "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." *Id*. § 2725(1). The section clarifies that a "cause of action accrues when the breach occurs," which "occurs when tender of delivery is made." *Id*. § 2725(2). Under

Michigan law, tender of delivery occurs for purposes of the limitation period when the seller delivers the goods, even if they are defective when measured against the contract's requirements. *Id.* § 2725(2); *see Baker v. DEC Int'l*, 580 N.W.2d 894, 897 (Mich. 1998).

Here, the bearings at issue were shipped on March 4, 2008, and April 1, 2008. No party disputes that delivery was made more than four years before B&P filed its complaint on July 8, 2014. Therefore, the Michigan statute of limitations bars B&P's breach of contract claims unless some exception applies.

B&P asserts that its claims are not barred by the statute of limitations because it alleged fraudulent concealment of the breach, an exception to the four-year statute of limitations. Under Michigan law, a claim of fraudulent concealment may postpone the running of the statute of limitations:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim . . . from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim . . . .

Mich. Comp. Laws § 600.5855. This statute provides a plaintiff two additional years in which to bring a claim "when a party conceals the fact that the plaintiff has a cause of action." *Romeo Investment Ltd. v. Michigan Consolidated Gas Company*, 2007 WL 1264008, at *3 (Mich. Ct. App. May 1, 2007) (citing *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996).

The elements of a fraudulent concealment action are "(1) a material representation which is false; (2) known by defendant to be false, or made recklessly without knowledge of its truth or falsity; (3) that defendant intended plaintiff to rely upon the representation; (4) that, in fact, plaintiff acted in reliance upon it; and (5) thereby suffered injury". *McMullen v. Joldersma*, 435

N.W.2d 428, 430 (Mich. App. 1988). As explained by the Michigan courts, "[f]raudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Tonegatto v. Budak*, 316 N.W.2d 262, 266 (Mich. App. 1982), *quoting De Haan v. Winter*, 241 N.W. 923 (Mich. 1932). "[T]he fraud must be manifested by an affirmative act or misrepresentation." *Witherspoon v. Guilford*, 511 N.W.2d 720, 724 (Mich. App. 1994). It is the burden of the Plaintiff to show "some arrangement or contrivance on the part of the defendant, of an affirmative character, designed to prevent subsequent discovery." *Id.*

Thus, tolling only occurs when a defendant commits affirmative acts or misrepresentations *designed* to prevent a plaintiff from discovering its potential claim. *Phinney v. Perlmutter*, 222 Mich.App. 513, 562–63, (Mich. 1997) (emphasis added). The Sixth Circuit has explained that the application of fraudulent concealment should be premised on a defendant's improper conduct as well as a plaintiff's actual and reasonable reliance thereon. *See Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425 (6th Cir.2009)

While B&P's pleading was sufficient to defeat Applied Industrial's motion for judgment on the pleadings, at this summary judgment stage the record does not support a claim of fraudulent concealment. B&P has presented no evidence that Defendants' statements that the bearings were SKF part No. 29480 were knowingly false or made in reckless disregard of their truth or falsity. *McMullen,* 435 N.W.2d at 430. In fact, B&P concedes that it had to send the bearings to SKF for analysis before it could have discovered that the bearings were counterfeit, and that "it would not have been possible for B&P to discover the counterfeit nature of the bearings by way of a visual inspection." Pl.'s Resp. to Summ. J. 14. Without any evidence that

Applied Industrial knew the bearings were counterfeit, B&P cannot allege that Applied Industrial's failure to recognize the counterfeit nature of the bearings was reckless. Accordingly, even if B&P is able to prove that Defendants' statements constituted material representation, B&P has presented no evidence that those material representations were wrongful. Because B&P has not demonstrated the existence of a material dispute regarding whether Defendants "planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action", B&P has not carried its burden of proving fraudulent concealment. *Tonegatto,* 316 N.W.2d at 266.

Because no exception to the M.C.L. § 440.2725 four-year statute of limitations applies, B&P's claims are untimely. Summary judgment will be granted in favor of Applied Industrial, and B&P's claims will be dismissed.

### III.

Accordingly, it is **ORDERED** that Defendant Applied Industrial's Motion for Summary Judgment, ECF No. 39, is **GRANTED**.

It is further **ORDERED** that Plaintiff B&P's complaint, ECF NO. 1, is **DISMISSED with prejudice**.

It is further **ORDERED** third-party Defendant Global Bearings's Motion for Summary Judgment, ECF No. 36, is **DENIED as moot**.

It is further **ORDERED** that Defendants' motions in limine, ECF Nos. 34, 50, and 58, are **DENIED as moot**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 6, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 6, 2016.

                              s/Michael A. Sian
                              Michael A. Sian, Case Manager