UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

B&P PROCESS EQUIPMENT AND SYSTEMS, LLC,

        Plaintiff,                        Case No. 14-cv-12672

v                                          Honorable Thomas L. Ludington

APPLIED INDUSTRIAL TECHNOLOGIES, INC.,

        Defendant and Third-Party Plaintiff,

v

GLOBAL BEARINGS AND P T INC,

        Third-Party Defendant.

v

ELECTRIC MOTOR BEARING SUPPLY, Inc.,

        Third-Party Defendant

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff B&P commenced the above-captioned matter on July 8, 2014 against Defendant Applied Industrial Technologies, Inc., ("Applied Industrial") for breach of contract and indemnity. Compl. ECF No. 1. B&P claimed that Applied Industrial sold counterfeit bearings in violation of the terms of the purchase order. Defendant Applied Industrial then filed a third-party complaint against Global Bearings and P. T. INC ("Global Bearings"), alleging that Global Bearings is "liable and responsible for the condition of the bearings at issue and for all damages allegedly sustained by Plaintiff B&P." Third-Party Compl. 3, ECF No. 7. Global Bearings in turn filed a third-party complaint against Electric Motor Bearings Supply, Inc. ("Electric

Motor"), alleging that it purchased the bearings from Electric Motor and that the purchase was made pursuant to general indemnity under MCL 440.2312 and common law indemnity. ECF No. 23. Because Electric Motor did not answer or otherwise respond to Global Bearings' third-party complaint, the clerk entered default against Electric Motor on April 16, 2015. ECF No. 29.

On September 9, 2015 third-party Defendant Global Bearings filed a motion for summary judgment as to Defendant Applied Industrial's third-party complaint. ECF No. 36. The Court granted Applied Industrial's motion on January 6, 2016, determining that B&P had not carried its burden of demonstrating facts that constituted an affirmative fraudulent misrepresentation on the part of Applied Industrial. Judgment against B&P was entered that same day, and the matter was closed.

B&P then brought a motion for reconsideration, arguing that the Court committed a palpable defect without which the Court would have reached a different disposition of the case. Specifically, B&P argues that the Court incorrectly analyzed B&P's claims using the standard for affirmative fraudulent misrepresentation instead of the standard for fraudulent concealment. In its response, Applied Industrial agrees that the Court applied the incorrect standard, but argues that applying the correct fraudulent concealment standard would not result in a different disposition of the case. Applied Industrial is correct, and B&P's motion for reconsideration will be denied.

**I.**

The parties do not challenge the facts as set forth in this Court's order granting Applied Industrial's motion for summary judgment. On January 9, 2008, B&P issued a purchase order to Applied Industrial for four bearings. Compl. Ex. 2, ECF No. 1. The purchase order requested four spherical roller thrust bearings and specified their size, load limits, and manufacturer

identification—SKF part No. 29480. *Id*. The purchase order further stated: "ACCEPT NO SUBSTITUTIONS". *Id*.

Applied Industrial shipped two bearings on March 4, 2008, and two bearings on April 1, 2008. Mot. J. Pleadings Ex. 1, Ex. 2. Each invoice identified the bearings shipped as "Part Number 29480EM"—the part number requested in B&P's purchase order. *Id*. On April 30, 2008, B&P issued a check for $96,306.74 to Applied Technologies pursuant to the purchase order. B&P incorporated the bearings into industrial mixers known as Ko-Kneaders and sold the mixers to a third party, Emirates Aluminum Company, Limited in Abu Dhabi, United Arab Emirates. Compl. ¶ 9.

In December 2013, B&P received a call from Emirates Aluminum Company seeking repairs to one of the Ko-Kneaders mixers. B&P determined that the Ko-Kneader had malfunctioned because of failed bearings. Emirates Aluminum Company paid B&P a total of $309,399.19 to replace the failed bearings and for B&P's service time and travel. Compl. Ex. B.

After repairing the Ko-Kneader, B&P forwarded the failed bearing to the supposed manufacturer, SFK, for analysis. Compl. ¶ 12. SFK determined that it did not manufacture the failed bearing and the bearing in question was counterfeit. *Id*. ¶ 13.

Emirates Aluminum Company has demanded a refund of the $309,399.19 it paid to B&P in the mistaken belief that the Ko-Kneader failure was attributable to ordinary wear and tear, rather than a counterfeit bearing. Compl. ¶ 14. Moreover, B&P is expected to replace the remaining bearing in Emirates Aluminum Company's other Ko-Kneader, which B&P estimates would cost $42,918.70. *Id*. ¶ 15.

On July 8, 2014, B&P filed this breach of contract action against Applied Industrial for selling the counterfeit bearings. B&P seeks to recover $352,317.89 to (1) reimburse Emirates

what it paid to repair the Ko-Kneader mixer and (2) retrofit the other machines that contain the counterfeit bearings that have not yet failed.

## II.

Plaintiff B&P now moves for reconsideration of the Court's order granting Applied Industrial's motion for summary judgment. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

### A.

Because the Court's order granting Applied Industrial's motion for summary judgment incorrectly applied the law governing affirmative fraudulent misrepresentations as set forth in *McMullen v. Joldersma*, 435 N.W.2d 428, 430 (Mich. App. 1988), the Court's previous order contains a palpable defect that mislead the Court and the parties. The Court should have limited its analysis to the law governing fraudulent concealment.

### B.

Applied Industrial argues that B&P's motion for reconsideration should nonetheless be denied because analyzing the case under the correct standard of fraudulent concealment does not result in a different disposition of the case. Under Michigan law, a claim of fraudulent concealment may postpone the running of the statute of limitations:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim . . . from the knowledge of the person entitled to sue on the

> claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim . . . .

Mich. Comp. Laws § 600.5855. This statute provides a plaintiff two additional years in which to bring a claim "when a party conceals the fact that the plaintiff has a cause of action." *Romeo Investment Ltd. v. Michigan Consolidated Gas Company*, 2007 WL 1264008, at *3 (Mich. Ct. App. May 1, 2007) (citing *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996).

As explained by the Michigan courts, and cited by this Court in its previous order, "[f]raudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Tonegatto v. Budak*, 316 N.W.2d 262, 266 (Mich. App. 1982), *quoting DeHaan v. Winter*, 241 N.W. 923 (Mich. 1932). Thus, tolling only occurs when a plaintiff carries its burden of proving that a defendant committed affirmative acts or misrepresentations *designed* to prevent a plaintiff from discovering its potential claim. *Phinney v. Perlmutter*, 222 Mich.App. 513, 562–63, (Mich. 1997) (emphasis added).

While B&P's pleading was sufficient to defeat Applied Industrial's motion for judgment on the pleadings, at the summary judgment stage the record does not support a claim of fraudulent concealment. The fact that Applied Industrial represented to B&P that the bearings were SKF part No. 29480 is not enough to establish fraudulent concealment without some evidence that Applied Industrial made the representation with the design of preventing B&P from discovering a potential claim. *Phinney,* 222 Mich.App. at 562–63. Because B&P has not demonstrated the existence of a material dispute regarding whether Applied Industrial's

representation that the bearings were SKF Part No. 19480 was "planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action", B&P has not carried its burden of proving fraudulent concealment. *Tonegatto,* 316 N.W.2d at 266. No exception to the M.C.L. § 440.2725 four-year statute of limitations applies, and therefore B&P's claims are untimely.

Because analyzing B&P's claims under the correct standard does not result in a different disposition of the case, B&P's motion for reconsideration will be denied. *See Michigan Dept. of Treasury,* 181 F. Supp. 2d at 733-34.

### III.

Accordingly, it is **ORDERED** that Plaintiff B&P's motion for reconsideration, ECF No. 66, is **DENIED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: March 8, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2016.

> s/Michael A. Sian
> Michael A. Sian